**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DANIEL L. EMMERICH,
         Appellant,

DOCKET NUMBER
DA-0752-14-0124-I-2

     v.

DEPARTMENT OF JUSTICE,
         Agency.

DATE: January 23, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronald H. Tonkin, Esquire, Houston, Texas, for the appellant.

Aditi Sehgal, and Katherine Meng, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which sustained the appellant's removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

¶2    The agency removed the appellant from his position as a Criminal Investigator in the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), based on charges of lack of candor (two specifications) and failure to follow procedures (four specifications).[2]   MSPB Docket No. DA-0752-14-0124-I-1, Initial Appeal File (IAF), Tab 12 at 37-43. The charges concerned the appellant's participation in the investigation of a suspected narcotics transaction involving a confidential informant and 300 pounds of marijuana outside of ATF jurisdiction. *Id*. The appellant appealed his removal, and the administrative judge found that the agency proved all specifications of the charges by preponderant evidence, and

---

[2] The agency identified the following two specifications in support of the lack of candor charge:  (1) on or about February 13, 2013, the appellant was less than truthful to internal affairs investigators when he advised his superior about a meeting with a confidential informant; and (2) the appellant misled his supervisor regarding his planned activities with the confidential informant on November 20, 2012. IAF, Tab 12 at 83. The agency identified the following four specifications in support of the failure to follow procedures charge:  (1) the appellant failed to follow procedures by not reporting a threat to a confidential informant; (2) he failed to follow procedures by not reporting a threat made against him and his family; (3) he failed to follow procedures by not having an approved operational plan when he became involved in a suspected narcotics transaction; and (4) he failed to follow procedures by not having approval from the Division Director prior to conducting an investigation that was outside of, but related to, ATF jurisdiction. *Id*. at 84.

that the removal penalty was reasonable.[3]  IAF, Tab 1; MSPB Docket No. DA-0752-14-0124-I-2, Refiled Appeal File (RAF), Tab 8, Initial Decision (ID).  The appellant filed a petition for review challenging the administrative judge's decision to sustain the charges and affirm the agency's removal decision.  Petition for Review (PFR), Tab 1.  The agency filed a response in opposition to the appellant's petition for review.[4]  PFR File, Tab 3.

<u>The appellant failed to prove that the administrative judge erred in affirming the lack of candor charge.</u>

¶3      In his petition for review, the appellant argues that the administrative judge should have dismissed the charges.  PFR File, Tab 1 at 5, 10.  Regarding the lack of candor charge, the appellant argues that the administrative judge misinterpreted the facts underlying the charge and sustained the charge based on an irrelevant discrepancy concerning the exact date on which he informed his supervisor about his plans with a confidential informant.  *Id*. at 4-5.  The appellant further argues that "[t]here is no deception alleged in the charge or in evidence regarding when the conversations took place."  *Id*. at 4.

¶4      The contours and elements of a lack of candor charge depend upon the particular context and conduct involved.  *See Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002).  Lack of candor "may involve a failure to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate and complete."  *Id*.  "Although lack of candor necessarily involves an element of deception, 'intent to deceive' is not a separate element of that offense—as it is for 'falsification.'"  *Id.* at 1284-85.

---

[3] The administrative judge dismissed the appellant's initial appeal without prejudice and the appellant subsequently refiled his appeal.  *Emmerich v. Department of Justice*, MSPB Docket No. DA-0752-14-0124-I-1, IAF, Tab 25, Initial Decision; MSPB Docket No. DA-0752-14-0124-I-2, Refiled Appeal File (RAF), Tab 1.

[4] The appellant filed an additional pleading on October 30, 2014, which the Board rejected because the Board's regulations do not allow it and because he did not request leave from the Clerk of the Board by filing a motion describing the nature and need for the additional pleading.  PFR File, Tab 4; *see* 5 C.F.R. § 1201.114 (a)(5).

¶5      Upon reviewing the context and conduct underlying the agency's lack of candor charge, as set forth in the agency's proposal and decision notices, we disagree with the appellant's argument that the administrative judge misinterpreted the facts underlying the charge.  The administrative judge did not sustain the lack of candor charge based on an irrelevant date discrepancy; rather, he sustained the charge because he found that the agency proved the merits of the charge by preponderant evidence.  Specifically, the administrative judge found that the appellant made an inaccurate statement to internal affairs investigators when he swore that, on November 20, 2012, he notified his supervisor that he was going to meet with a Mission Police Department Narcotics Officer and let his confidential informant pass along information regarding a stash house.  ID at 12.  The administrative judge also found that the appellant misled his supervisor about his planned activities with his confidential informant on November 20, 2012.  ID at 12-13.

¶6      Moreover, in reaching his decision, the administrative judge found that the appellant's testimony was less credible than the testimony of his supervisor and another special agent on these issues.  *See* ID at 12 (citing *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458-62 (1987)).  The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  The credibility determinations of an administrative judge are virtually unreviewable on appeal.  *See, e.g.*, *Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 5 (2011).  Although the appellant attempts to deflect attention away from the administrative judge's well-reasoned findings and demeanor-based credibility determinations, the appellant does not provide a sufficiently sound reason to disturb the administrative judge's finding

that the agency proved the lack of candor charge by preponderant evidence.  ID at 2-3.

The appellant failed to prove that the administrative judge erred in affirming the failure to follow procedures charge.

¶7        Regarding the failure to follow procedures charge, the appellant appears to argue that he did not follow the procedures identified by the agency because those procedures were inapplicable based on his version of the actions that gave rise to the agency's charge.  PFR File, Tab 1 at 5-6.  However, the appellant's argument on review amounts to mere disagreement with the findings of the administrative judge regarding the merits of the proven charge.  *See* ID at 13-15.  The administrative judge sustained this charge based, in part, on the appellant's testimony admitting that he failed to follow procedures when he did not report threats to his confidential informant, himself, and his family.  ID at 13.

¶8        The administrative judge also found that the appellant violated agency procedures based on undisputed evidence that the appellant did not have an operational plan for engaging in a narcotics transaction and he did not seek or obtain verbal or written approval to conduct an investigation regarding 300 pounds of marijuana.  ID at 14.  The administrative judge found that ATF Order 3210.1B required the preparation of an operational plan for, among other things, an undercover meeting and also found that the appellant's testimony that he was not engaged in any undercover work was not credible.  ID at 14.  The administrative judge further found that, under ATF Order 3210.7C, the appellant required approval from the senior agent in charge to conduct the drug investigation because drugs are not under the jurisdiction of the ATF.  ID at 14.  We discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned

conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶9    On review, the appellant also reasserts his argument that the administrative judge should have merged certain specifications within both charges. PFR File, Tab 1 at 4-5; IAF, Tab 22 at 2. However, the merger issue was not included among the issues in dispute identified in the administrative judge's prehearing conference summary, and the administrative judge expressly warned the parties that additional issues were precluded in the appeal. IAF, Tab 23 at 1. Although the administrative judge advised the parties to express any disagreement with the summary by filing an objection or a motion to supplement the summary by a specific deadline, the appellant did not object to the exclusion of the merger issue from the summary. *See id*. at 2. Accordingly, the Board will not consider the merger issue because it is not properly before the Board. *See Crowe v. Small Business Administration*, 53 M.S.P.R. 631, 634-35 (1992).

The appellant failed to prove that the agency committed harmful error and violated his due process rights.

¶10   On review, the appellant argues that the administrative judge ignored his argument that the deciding official's failure to recuse himself constituted harmful error because he was also the deciding official in a prior disciplinary action against the appellant. PFR File, Tab 1 at 7. The administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).

¶11   Under 5 U.S.C. § 7701(c)(2)(A), the Board may not sustain an agency's decision to impose an adverse action if the employee can show "harmful error in the application of the agency's procedures in arriving at such decision." *Doe v. Department of Justice*, 121 M.S.P.R. 596, ¶ 14 (2014). In the prehearing conference summary, the administrative judge ordered the appellant to submit specific evidence and argument to support his affirmative defense of harmful

error, including a copy of the rule or regulation that allegedly prohibited the deciding official from serving in two disciplinary matters.  IAF, Tab 23 at 2.  The administrative judge also informed the appellant that his affirmative defense would be waived if he failed to submit the required information.  *Id*.

¶12    The appellant did not provide the required information to the administrative judge, and on review the appellant has not identified any agency rule or regulation that the agency violated by allowing the deciding official to serve in two disciplinary matters.[5]  Moreover, the appellant submits no new evidence or argument proving that the deciding official's failure to recuse himself was in any way improper or constituted error.  We therefore find that the appellant failed to prove his claim of harmful error and he has not shown that the administrative judge's failure to address this claim in the initial decision prejudiced his substantive rights.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶13    On review, the appellant also argues that there is a due process issue because "[t]here is an unresolved issue of fact . . . as to whether the Deciding Official actually relied upon Appellant's past [discipline] in rendering his penalty analysis prior to rendering his decision."  PFR File, Tab 1 at 7.  Procedural due process guarantees are not met if the employee has notice of only certain charges or portions of the evidence and the deciding official considers new and material information; therefore, it is constitutionally impermissible to allow a deciding official to receive additional material that may undermine the objectivity required

---

[5] On appeal, the appellant informed the administrative judge that he could not provide the requested information because he had no access to the agency's regulations.  IAF, Tab 24.  However, the administrative judge in her acknowledgment order properly informed the appellant and his attorney of the available discovery procedures, and the appellant could have attempted to obtain the required information through discovery.  IAF, Tab 2 at 2-4.  Thus, the appellant may not now claim harm by the agency's failure to assist voluntarily in his proceedings before the Board.  *See Kinsey v. U.S. Postal Service*, 12 M.S.P.R. 503, 505-06 (1982).

to protect the fairness of the process. *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376 (Fed. Cir. 1999); *see Ward v. U.S. Postal Service*, 634 F.3d 1274, 1282 (Fed. Cir. 2011) (remanding the case for the Board to consider whether the agency's procedural error, in considering the appellant's alleged prior instances of misconduct without including these incidents in the notice of proposed removal, constituted harmful error). In this case, however, the appellant has not shown that the deciding official violated his due process rights by relying on constitutionally-impermissible information.

¶14 The agency's notice of proposed removal specifically informed the appellant that the agency considered his 40-day suspension in October 2012, which occurred approximately 30 days before the misconduct referenced in the proposed removal notice, and his 2011 letter of reprimand. IAF, Tab 12 at 87. The appellant has not identified any impermissible information considered by the administrative judge that was not included in the notice of proposed removal. PFR File, Tab 12 at 41, 87. He merely argues that the deciding official was aware of his prior discipline "since he was the Deciding Official on [the appellant's] prior disciplinary matter." PFR File, Tab 1 at 7.

¶15 To establish a due process violation based on the identity of the deciding official, the appellant must make "specific allegations indicating that the agency's choice of the deciding official made the risk of unfairness to the appellant 'intolerably high.'" *Lange v. Department of Justice*, 119 M.S.P.R. 625, ¶ 9 (2013). The appellant has not met that burden here. The mere fact that the same deciding official presided over both of the appellant's disciplinary actions and is familiar with his background and prior conduct does not violate his due process rights. *See id*. We therefore find that the appellant has not established that the deciding official violated his due process rights based on his mere knowledge of the appellant's prior misconduct.

<u>The appellant failed to prove that the removal penalty was unreasonable.</u>

¶16    On review, the appellant argues that the administrative judge ignored the evidence he submitted proving that the agency gave similarly-situated employees lesser penalties and that the removal penalty was unreasonable.  PFR File, Tab 1 at 7-9.  The administrative judge did not discuss the appellant's disparate penalty argument in the initial decision.  We therefore MODIFY the initial decision to address this issue and find that the appellant has not met his burden concerning his disparate penalty claim.

¶17    Where, as here, all of the agency's charges are sustained, the agency's penalty determination is entitled to deference and should be reviewed only to determine whether it is within the parameters of reasonableness.  *See Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996).  The appellant's allegation that the agency treated him disparately to another employee, without a claim of prohibited discrimination, is an allegation of disparate penalties to be proven by the appellant and considered by the Board in determining the reasonableness of the penalty.  *See Lewis v. Department of Veterans Affairs*, 113 M.S.P.R. 657, ¶ 5 (2010); *see also Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981).  The appellant has the initial burden of showing that there is enough similarity between both the nature of the misconduct and other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently.  *Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶¶ 20, 24 (2012).  If he does so, the agency must prove a legitimate reason for the difference in treatment by a preponderance of the evidence before the penalty can be upheld.  *Id.*

¶18    On review, the appellant alleges that four similarly-situated employees received lesser discipline for charges that included lack of candor and

falsification.[6]  PFR File, Tab 1 at 7-9.  However, of the four employees identified by the appellant as receiving lesser discipline for any of the charges underlying his removal, the agency did not sustain those charges against three of those employees.[7]  IAF, Tab 21 at 17.  Moreover, although the agency sustained a lack of candor charge against one of those employees and suspended her, she did not hold a position in the same job series as the appellant.  *See* PFR File, Tab 1 at 8; *see also* IAF, Tab 21 at 16 (disciplinary history of employee M.V.).  This distinction is significant because the appellant was a special agent in the 1811 job series, which had *Giglio* implications that the deciding official considered in making his removal decision.  PFR File, Tab 3 at 8; IAF, Tab 12 at 41-42; *see Giglio v. United States*, 405 U.S. 150 (1972) (requiring prosecutors to provide defendants with information that may be used to impeach a witness's character or credibility).  Citing *Giglio,* the deciding official determined that the appellant's lack of candor compromised his ability to meet his responsibilities as a federal law enforcement officer because he might be subject to impeachment if he were to testify in any federal prosecution.  IAF, Tab 12 at 41-42.  We therefore find that the appellant has not met his initial burden to show that there is enough similarity between both the nature of the misconduct and other factors to lead a reasonable person to conclude that the agency treated similarly-situated employees differently.  *See Boucher*, 118 M.S.P.R. 640, ¶¶ 20, 24.

¶19      The appellant also argues that the removal penalty was unreasonable and the administrative judge's decision to sustain his removal was arbitrary and capricious.  PFR File, Tab 1 at 9.  However, the agency's Guide for Offenses and Penalties states that the penalty for the first lack of candor offense ranges from reprimand to removal.  IAF, Tab 12 at 119.  We therefore find that removal is within the range of reasonable penalties for the appellant's proven misconduct,

---

[6] The comparators identified by the appellant will be referred to by their initials, C.K., G.O., S.S., and M.V.  PFR File, Tab 1 at 8.

[7] *See* IAF, Tab 21 at 17 (disciplinary history of employees S.S., C.K., and G.O.).

and we find no reason to disturb the initial decision affirming his removal. *See Carlton v. Department of Justice*, 95 M.S.P.R. 633, ¶ 8 (2004) (finding that the removal penalty was reasonable for the appellant's lack of candor, which could be used against him if he was called to testify in his capacity as a law enforcement officer).[8]

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[8] On November 24, 2014, the appellant filed a motion to supplement the record to address the Federal Circuit's October 21, 2014 decision in *Wrocklage v. Department of Homeland Security*, 769 F.3d 1363 (Fed. Cir. 2014). We deny the appellant's motion. However, we have reviewed the court's decision in *Wrocklage* and find that it is not dispositive in this case. Specifically, the Federal Circuit's decision in *Wrocklage* did not alter the legal standard applicable to a lack of candor charge; rather, it found that the agency did not meet its burden of proving its lack of candor charge under the specific factual circumstances in that case. *Wrocklage*, 769 F.3d at 1369-70. The facts in this case differ significantly from those presented in *Wrocklage*. The lack of candor charge in *Wrocklage* concerned the appellant's statements regarding his alleged possession of a Treasury Enforcement Communication System report and his alleged unauthorized transmission of the report to an employee in Senator Carl Levin's office. *Id.* In finding that the agency failed to prove this charge, the court cited the appellant's explanation of his statements and his consistent, unrebutted testimony in support of his statements. *Id.* at 1370. The concerns raised by the court in *Wrocklage* are not present in this case. Significantly, as noted by the administrative judge, the appellant's explanation for his alleged lack of candor in this case is rebutted by record evidence, including another employee's declaration given under oath and text messages documenting the appellant's communications. ID at 2-13.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.